ELVIRA P. MORSE *vs.* CONNECTICUT RIVER RAILROAD COM-
PANY.

In an action against a railroad corporation by a passenger for the loss of his trunk, the
admissions of the conductor, baggage master or station master, as to the manner of the
loss, made in answer to inquiries in behalf of the passenger the next morning after the
loss, are admissible in evidence against the corporation.

ACTION OF TORT by a passenger from Springfield to Chicopee
on the defendants' railroad, for the loss of her trunk.

At the trial in the court of common pleas, the plaintiff intro-
duced the deposition of a man who accompanied her on that
occasion, from which *Mellen*, C. J., at the defendants' suggestion,
ordered the following statement to be stricken out : " The next
morning after the trunk was lost, in accounting for the trunk, on
my inquiry, either the conductor or baggage master told me that,
the night before, a gentleman stepped up and claimed and took
a trunk of the same description. But the same morning the
station agent told me he thought the trunk was carried to North-
ampton the night before with other baggage." The jury re-
turned a verdict for the defendants, and the plaintiff alleged ex-
ceptions to this ruling.

*J. Wells*, for the plaintiff.

*C. W. Huntington*, for the defendants. The declarations of
the defendants' agents were properly rejected, not having been
made while acting within the scope of their authority, nor in
relation to a transaction then depending. It was not the prov-
ince of the conductor, at least, to do any thing about the baggage.
The only transaction between the defendants and the plaintiff
was the transportation from Springfield to Chicopee, and that
was over. These declarations, therefore, were no part of the *res
gestæ*. *Stiles* v. *Western Railroad*, 8 Met. 44. *Cooley* v. *Nor-
ton*, 4 Cush. 93. *Corbin* v. *Adams*, 6 Cush. 95. 1 Greenl. Ev.
§ 113, and cases cited. Story on Agency, §§ 134–137.

BIGELOW, J.[*] The declarations offered in evidence were made

---

[*] DEWEY, J. did not sit in this case.

by the conductor or the baggage master, and by the station master, " the next morning after the trunk was lost, in accounting for the trunk," in answer to inquiries in behalf of the plaintiff. It was part of the duty of those agents to deliver the baggage of passengers, and to account for the same, if missing, provided inquiries for it were made within a reasonable time. These declarations were therefore made by them as agents of the defendants, within the scope of their agency, and while it continued. They should therefore have been admitted.

*Exceptions sustained*