JACK MAYER, by Elizabeth Mayer, His Guardian ad Litem, Respondent, v. CENTRAL LIGHT & POWER COMPANY, a Corporation, Appellant,

and

ELIZABETH MAYER, Respondent, v. CENTRAL LIGHT & POWER COMPANY, a Corporation, Appellant.

(215 N. W. 287.)

**Negligence — electricity — location of plant — degree of care and precaution.**
    In two actions, one for personal injuries sustained by the plaintiff, an infant, caused by coming in contact with a current of electricity of high voltage as he walked along the highway adjacent to an inclosure erected about some transformers, and the other to recover consequential damages for his care while injured, the evidence is examined and *held* sufficient to support the verdicts for the plaintiffs in each of the cases.

Opinion filed July 9, 1927.   Rehearing denied October 13, 1927.

Electricity, 20 C. J. § 39 p. 345 n. 7; p. 346 n. 11, 12; p. 347 n. 15; § 66 p. 386 n. 49.

Appeal from the District Court of Sheridan County, *Coffey,* J.
Affirmed.

*Conmy, Young, & Burnett* and *J. F. X. Conmy,* for appellant.

Annotation.— (1)   As to duty to guard against danger to children by electric wires, see annotation in 17 A.L.R. 833; 41 A.L.R. 1337; 49 A.L.R. 1053; 9 R. C. L. 1200; 2 R. C. L. Supp. 942; 4 R. C. L. Supp. 641; 6 R. C. L. Supp. 591.

"In order to constitute actionable negligence there must exist three essential elements—namely, a duty or obligation which the defendant is under, to protect the plaintiff from injury; a failure to discharge that duty; and injury resulting from the failure." 20 R. C. L. pp. 10, 11, and cases cited.

The duty owed to a trespasser is not to injure him wilfully and wantonly after his peril is discovered. Wright v. R. R. Co. 12 N. D. 159, 96 N. W. 342; Costello v. Farmers Bank, 34 N. D. 131, 157 N. W. 982.

There is no duty on the part of a landowner to keep his premises safe for a trespasser, even when that trespasser is an infant. McCarthy v. New Haven R. R. Co. 240 Fed. 605; Brown v. Rockwell City Canning Co. (Iowa) 100 N. W. 332.

A child, even of tender years, may be a trespasser. 20 R. C. L. 60; O'Leary v. Brooks Elevator Co. 7 N. D. 554, 75 N. W. 919.

A variance which was specifically pointed out upon the trial of the cause and which is vital, where not corrected by amendment, is ground for reversal. Valkwill v. Becker, 131 Ill. App. 221.

"Where the existence of the required fact rests upon surmises or speculative theory, rather than upon facts affirmatively established, it is the duty of the court to direct a verdict for the defendant." Water-Pierce Oil Co. v. Van Elderen, 137 Fed. 557.

"The rule of *res ipsa loquitur* not being invoked, it is error to authorize a jury in an action for personal injuries to render a verdict for the plaintiff, without proof of negligence." White v. Collieries Co. 145 Ill. App. 417.

*Harry E. Dickinson,* for respondent.

In determining the question of the degree of care to be exercised, it is proper for the jury to take into consideration the location of the lines, whether in thickly or sparsely settled communities, the use to which they are to be put, their remoteness or proximity to travelers on the highway, and other circumstances affecting the case. 9 R. C. L. 1200.

"*Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff." Sweeny v. Irving, 228 U. S. 233, 57 L. ed. 815.

"A plaintiff who proves the happening of an accident and is otherwise entitled to certain presumptions arising therefrom does not lose the benefit of such presumptions because he has alleged what he conceived to be the specific cause of the accident." Kluska v. Yeomans, 103 Pac. 819; Walters v. Seattle R. Co. 24 L.R.A.(N.S.) 788.

Where a plaintiff alleges specific negligence he is entitled to the benefit of the *res ipsa* doctrine, if otherwise proper, but is limited in his proof to the specific acts alleged. 20 R. C. L. 156, 187; L.R.A.1915F, 993, note.

BIRDZELL, Ch. J. Two actions, one to recover damages for personal injuries alleged to have been sustained as a result of the negligence of the defendant, and the other by the natural guardian to recover the expenses incurred in treating the injured party, were tried together, resulting in a verdict for the plaintiff in each case. The defendant appeals from the judgments entered on the verdicts and the appeals are submitted together on the same record. The complaint in the personal injury action alleges that, at the northeast corner of the city of Mc-Clusky and in close proximity to a public road, the defendant maintained two primary electrical transformers by which the voltage of the electrical current carried by its power line was reduced from 28,000 to about 2,300 volts; that the transformers rested on cement blocks about 12 inches high and were inclosed with a wooden fence; that the ground wire of the transformers entered the ground near the south side of the fence; and that the south side of the fence was about 15 feet from the public road; that as a result of considerable rainfall in the vicinity of McClusky the fence and ground surrounding the transformers and the insulation on the wire and other parts had become damp and wet; that the defendant so negligently and carelessly operated the transformers that large quantities of electricity escaped therefrom, and the fence, the ground wire and other surroundings became heavily charged with electricity; that while the plaintiff, a minor of the age of ten years, and a boy companion, were walking along the side of the public road and passing the transformers, the plaintiff's hand accidentally came in contact with the fence surrounding the transformers; that he immediately received a severe electrical shock which threw him to the ground and severely burned his hand and his feet; that the injuries were occasioned

through the negligence of the defendant in maintaining the transformers so close to a public road that persons passing thereon would come in contact with them and in failing to properly guard the transformers so that children passing by them would not be injured, and in so maintaining and operating them that quantities of electrical current, sufficient to injure a person, were allowed to escape. The other action, being for consequential damages to the parent of the plaintiff in the personal injury action, is wholly dependent upon the latter and hence requires no separate consideration.

The principal contention upon this appeal is that the evidence is insufficient to sustain the verdict. There is evidence to establish the following facts: that about a quarter of a mile west of McClusky, in June, 1925, the defendant maintained some transformers which were connected with a power line that runs into the city of McClusky. They were located in the right of way of a road that was afterward improved as a state or Federal highway, and at the time of the improvement the transformers were moved a little distance toward the north. At the time of the accident they were located between 16 and 18 feet from the traveled track of the unimproved road and were fenced in by a board fence which was set out from the transformers about two and one half feet. A ground wire running from the transformers to the ground was attached onto a spring which was driven into the ground at a point between 4 and 6 inches inside the fence and stood about 18 inches high. The fence surrounding the transformers was a sort of picket fence about 8 feet high with 2x4's running horizontally, to which vertical board pickets were attached with spaces between the pickets of about 4 inches. On June 20, 1925, the plaintiff, a ten-year old boy, and some companions were returning to McClusky from a swimming hole where they had been swimming. There had been considerable rain and there was an abundance of water in the slough. The plaintiff had picked up a piece of iron about 8 inches long. He walked along the road beside the fence on the north side of the track where the road was about 5 feet from the transformers. He was hitting the iron on the road and when he came to the fence he let it hit every post and when he got to the fence around the transformers he let it run on the fence. When he got about the middle of the fence around the transformers, to use the language of the plaintiff, "the iron slipped in. It pulled my·

hand and the iron in." The further evidence is that the boy received a shock which threw him to the ground; he tried to get up but fell down again; that immediately afterward he and his companions went to the home of a neighbor where a doctor was called and it was ascertained that the plaintiff had sustained severe burns upon one hand and both his feet. It required about three months for the burns to heal.

It is elementary that the distribution of electrical current of high voltage places upon those responsible for its handling the duty of exercising care to safeguard it; and, where transformers or wires carrying such current are so placed that persons are likely to come in contact therewith, the duty of safeguarding requires greater precaution against injury than would be required if the instrumentalities were located at a more isolated point. 20 C. J. 345. For negligence in the performance of these duties they are liable. We are not concerned with the exact location of the transformers with reference to the right of way. They were located sufficiently close that persons would pass in immediate proximity to the inclosure. The evidence shows that there must have been contact with the current. The boy received severe burns. He would not have been injured as he was had the instrumentalities functioned properly. It is not for the plaintiff to ascertain wherein the defendant's appliances were defective. We are of the opinion that the evidence is clearly sufficient. See Haywood v. South Hill Mfg. Co. 142 Va. 761, 128 S. E. 362, 24 N. C. C. A. 378.

The judgments appealed from are affirmed. It is so ordered.

BURKE, CHRISTIANSON, NUESSLE, and BURR, JJ., concur.