Allen, J.
 

 This case arises as an error proceeding to a judgment of the Court of Appeals of Marion county, which affirmed a judgment of the court of common pleas of that county after that court had sustained a motion of the defendant below to exclude all testimony and to direct a verdict for the defendant upon the ground that the petition did not state a cause of action.
 

 The petition in its material portion reads as follows:
 

 “Plaintiff, Charles H. Coy, is under twenty-one years of age, and brings this action by Thomas O. Coy, his next friend.
 

 “Defendant, The Columbus, Delaware and Marion Electric Company, is and at all times hereinafter mentioned was a corporation organized and existing under and by virtue of the laws of the State of Ohio, and on March 23, 1928, owned, maintained, controlled and operated a certain electric transformer, located on certain vacant premises situate at the southwest corner of the intersection of Lee Street and Garden City Pike, in the City of Marion, Marion County, Ohio, and on said date, March 23, 1928, said electric transformer was loaded with and contained a latent and hidden danger, to wit, a powerful current of electricity, the exact voltage of which is unknown to this plaintiff.
 

 “That Section 2, of Ordinance No. 1207, as passed January 26,1920, by the City Council of Marion, Ohio, was in full force and effect on said date, March 23, 1928, and was in the following words, to wit:
 

 “ ‘Section 2. The poles and structures located upon
 
 *285
 
 the streets shall be placed along and inside the curb line, and the poles and structures located in the alleys shall be as near the property line as public safety will permit; and all poles shall be so placed as not to unreasonably interfere with the rights of private property; the grantee shall maintain the poles, structures, cable conductors, transformers, lamps, fixtures and appliances in a reasonably safe and satisfactory manner, as an ordinary person would do, and agrees and binds itself to hold harmless the City of Marion, Ohio, against all claims and judgments for damages and costs that may be sustained or awarded by reason of defective construction and maintenance of its said system and for its negligence in the building and operating of the system which is now located in the City of Marion, Ohio, and additions which may hereafter be acquired, constructed, maintained, and operated under the terms of this franchise. ’
 

 “Plaintiff further alleges that on March 23, 1928, and prior thereto, with full knowledge and consent of defendant, the vacant premises on which said transformer was located were unfenced; that a path extending in a northwesterly and southeasterly direction across said premises and passing to the northeast of and within approximately twenty-five feet of said transformer was used continuously by pedestrians in general; that children and adults used said premises continuously for several years as a playground.
 

 “That with full knowledge on the part of defendant as to the use of said premises by adults and children as aforesaid and their continual close proximity to said transformer, and with full knowledge of the latent and dangerous nature of said transformer, said defendant did, on a date prior to March 23, 1928, the exact date being unknown to this plaintiff, enclose said transformer with a two-rail picket fence.
 

 “Plaintiff further alleges that defendant had full knowledge, or by the exercise of ordinary care could
 
 *286
 
 have had full knowledge, of the use of said premises as aforesaid, and did not maintain said transformer in a reasonably safe and satisfactory manner as an ordinary person would do, as required by the section of said ordinance hereinbefore quoted, and commensurate with the latent and hidden dangers thereof, but, instead, was careless and negligent in maintaining same, in the following particulars, to wit:
 

 “(a) By constructing said picket fence enclosing said transformer from light, weak and unendurable materials, and failing to securely nail or otherwise make same secure;
 

 “(b) By constructing said picket fence in such a careless and negligent manner as to leave openings underneath and therein large enough for persons to enter through said openings;
 

 “ (e) By failing to keep said picket fence in repair, but instead allowing the railings of same to rot and decay, thereby allowing the pickets to become loose and leave openings in said fence large enough for persons to enter;
 

 “ (d) By failing to keep said picket fence in repair, but instead allowing pickets to become loose and leave openings in said fence large enough for persons to enter;
 

 . “(e) By allowing the pickets to become loose and fall from said fence leaving openings in said fence large enough for persons to enter;
 

 “(f) By allowing said transformer to become and remain exposed and unprotected;
 

 “(g) By failing to repair or cause said picket fence to be repaired after it had full knowledge, or by the exercise of ordinary care could and should have had full knowledge, of the rotten and defective condition of said picket fence and the opening therein, as aforesaid, and the fact that adults and children were continuously using said premises as aforesaid, but, in
 
 *287
 
 stead, carelessly and negligently left said transformer exposed and unprotected;
 

 “(h) By failing to have plain and legible danger sign or signals or warnings posted on or near said transformer.
 

 “That as a direct and proximate result of the careless and negligent acts of the defendant as aforesaid, plaintiff was injured as hereinafter described.
 

 “That on March 23, 1928, plaintiff, Charles H. Coy, aged six, accompanied by his older brother, Jack, aged eight, went upon said premises to play, with the full knowledge of this defendant, as hereinbefore set forth, and when upon said premises and in close proximity to said transformer, the plaintiff came in contact with said transformer, which was loaded with and contained a latent and hidden danger, to wit, a powerful current of electricity, as aforesaid, and as a direct and proximate result thereof, received an electrical shock and injuries, as follows: Both feet and right arm burned, the burns to the right arm causing same to be permanently stiff at the elbow; right hand partially paralyzed; small finger on the right hand was burned, and as a direct and proximate result thereof same was amputated; a large and permanent scar on the back of the right arm extending from the shoulder to the hand, all to his damage * *
 

 The defendant filed no motion or demurrer to the petition, but admitted its corporate capacity, admitted ownership, maintenance and operation of the electrical transformer, and denied all other allegations of the petition.
 

 At
 
 the trial, after the jury was duly impaneled, the counsel for the defendant objected to the introduction of any evidence, and moved the court to direct the jury to return a verdict for the defendant upon the ground that the petition does not set forth facts sufficient to state a cause of action. The court indicated that it would sustain this motion. Thereupon counsel for the
 
 *288
 
 plaintiff asked leave to insert the following amendment: “The plaintiff went through the picket fence on the south side of the said fence surrounding said transformer, because of said negligence of said defendant in failing to keep and maintain said fence in repair as in this petition alleged, and in failing to protect children that play in and around said transformer when said defendant in the exercise of due care knew or could by the exercise of due care have known that the transformer gave forth a buzzing or singing sound, and that the transformer itself so surrounded by said fence all out of repair as aforesaid, invited the said plaintiff through said fence on the south side of said transformer as aforesaid and in the way and manner hereinbefore set forth.”
 

 The court denied this application for amendment, upon the ground that to allow the amendment in question would make “an entirely new lawsuit out of it.” Counsel for the plaintiff excepted to this ruling, and thereupon á verdict was directed for the defendant.
 

 Two questions arise in the case. In the first place, did the court commit error in refusing to permit the plaintiff to amend his petition1?
 

 We 'disagree with the conclusion of the court below that the amendment would make an entirely new lawsuit. While it contained certain allegations designed to present the question of attractive nuisance what the proffered amendment really accomplished was merely the insertion of certain evidential facts. Since this was the case, the failure to permit the amendment did not affect the sufficiency of the petition, and it was hot error for the court to deny it.
 

 We proceed, then, to consider the sufficiency of the petition. It is contended by the defendant in error that under the doctrine of
 
 Harriman
 
 v.
 
 P., C. & St. L. Ry. Co.,
 
 45 Ohio St., 11, 12 N. E., 451, 4 Am. St. Rep., 507, this petition does not state a cause of action. However, this court, in the case of
 
 Ziehm
 
 v.
 
 Vale,
 
 98 Ohio
 
 *289
 
 St,. 306, 120 N. E., 702, 1 A. L. R., 1381, pointed out in the syllabus that ‘ ‘ The principle of non-liability applied in the
 
 Harvey case, supra
 
 [77 Ohio St., 235, 83 N. E., 66, 19 L. R. A. (N. S.), 1136, 122 Am. St. Rep., 503, 11 Ann. Cas., 981], does not apply where the statical condition of the premises is made perilous by the active and negligent operation thereof by the owner.”
 

 The instant petition alleged the maintenance of an electrical transformer in active operation containing a powerful and dangerous electric current, situated upon premises frequented by children, together with the allegation that the company knew that children often congregated upon such premises. Therefore, within the doctrine of the
 
 Ziehm case,
 
 both knowledge of the probable presence of the infant and the employment of the active force which caused the injury were alleged. As set forth in the petition, this is not a case of a mere visible dangerous statical condition of the premises. This is an alleged case of negligent operation of a highly powerful and dangerous unit of electrical machinery upon premises where, with knowledge of the continuous presence of minors, for several years the company operating the electrical unit had permitted the fence protecting the machinery to become rotten and out of repair.
 

 Since no motion to make more definite and certain was filed, the defendant failed to avail itself of the opportunity to clarify certain indefinite allegations of the petition. However, the petition as filed presented a cause of action valid against demurrer, and equally valid against motion made prior to the introduction of any testimony to exclude all evidence and to direct a verdict for the defendant.
 

 The following authorities support our conclusions with reference to the question of negligence in maintaining an electrical transformer. In each of these cases the injuries were sustained by a child, and in
 
 *290
 
 each case the court commented upon the fact that the owner of the electrical transformer had notice of the presence of children and the likelihood that they would frequent the locality in which the transformer was situated. In each case a verdict for the plaintiff was sustained.
 
 Haywood, an Infant,
 
 v.
 
 South Hill Manufacturing Co.,
 
 142 Va., 761, 128 S. E., 362, 363;
 
 McDonald
 
 v.
 
 Southwestern Gas & Electric Co.,
 
 (La. App.), 136 So., 169;
 
 Puchlopek
 
 v.
 
 Portsmouth Power Co.,
 
 82 N. H., 440, 136 A., 259.
 

 In the
 
 Haywood case,
 
 the court speaks as follows with reference to the use of dangerous agencies, such as electrical transformers, in localities where the public may be endangered by their presence: “We think the use of dangerous agencies and instrumentalities either in the street, or so near thereto as to he easily reached by pedestrians passing that way, places upon those responsible for the presence there of the dangerous instrumentalities the duty of giving warnings to and of safeguarding the public by using such mechanical contrivances as will effectually prevent injury to persons or property. Certainly a deadly, hidden force, as in this case, should not be left easily accessible to children whose frequent presence in this vicinity was known to the defendant, and acquiesced in by it, and this without so much as a danger sign anywhere thereabout. * * * The care must be commensurate with the danger.”
 

 Further authorities supporting this position are the following:
 
 Mayer
 
 v.
 
 Central Light & Power Co.,
 
 55 N. D., 805, 215 N. W., 287;
 
 McKiddy, Admx.,
 
 v.
 
 Des Moines Electric Co.,
 
 202 Iowa, 225, 206 N. W., 815;
 
 Wolczek
 
 v.
 
 Public Service Co. of Northern Illinois,
 
 342 Ill., 482, 174 N. E., 577;
 
 Union Light, Heat & Power Co.
 
 v.
 
 Lunsford,
 
 189 Ky., 785, 225 S. W., 741;
 
 Clark
 
 v.
 
 Longview Public Service Co.,
 
 143 Wash., 319, 255 P., 380;
 
 Costanza
 
 v.
 
 Pittsburgh Coal Co.,
 
 276 Pa., 90, 119 A., 819.
 

 
 *291
 
 In the cases of
 
 Clark
 
 v.
 
 Longview Public Service Co., Costanza
 
 v.
 
 Pittsburgh Coal Co.,
 
 and
 
 Union Light, Heat & Power Co.
 
 v.
 
 Lunsford, supra,
 
 one of the specific questions made was as to the sufficiency of the enclosure.
 

 The judgment of the Court of Appeals will therefore be reversed.
 

 Judgment reversed.
 

 MARSHALL, C. J., JONES, MATTHIAS, DaY, KlNKADE and Stephenson, JJ., concur.