# Staunton

RICHMOND BRIDGE CORP., ET ALS. V. RAYMOND B. PRIDDY, JR., WHO SUES BY HIS NEXT FRIEND.

September 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Edwards & Davenport*, for the plaintiff in error.

*Thomas A. Williams* and *L. C. O'Connor*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

This writ of error grew out of an injury suffered by an infant, five years old, who fell into an excavation made by the defendants in constructing the new James river bridge across James river from South Richmond to North Richmond. The plaintiff below was awarded $2,500 damages by a jury and the court pronounced judgment thereon. The parties will be referred to according to their respective positions in the court below.

The northern terminus of the bridge is on certain property which belongs to the city of Richmond and which is known as Riverside park. The park was, and had been, used as a children's play ground for many years. The excavation into which the child fell was under the bridge. It was approximately twenty feet deep and some fifteen feet wide. It extended some three or four feet into Riverside drive which ran through the park and under the bridge. At the point of accident the driveway was being reconstructed and its elevation lowered but the outside line of the street on the side where the hole or excavation encroached was not materially changed.

The city of Richmond had given the defendant, Richmond Bridge Corporation, permission to use so much of the park as was necessary for constructing the bridge. The plaintiff was injured on that part of the property which was being used for that purpose. Children were frequently playing in the park and sometimes close to the construction work. This fact was known or should have been known to the defendants. The defendants provided no danger or warning sign of the excavation and placed no guard or barricade around it. There were piles of dirt several feet high in the driveway but pedestrians used it daily. The testimony shows that children very frequently passed the excavation on the driveway. At certain points on other streets near by and leading to the bridge barricades had been erected to prevent vehicular traffic from going on the bridge but no notice whatever

had been given to pedestrians that the driveway or the park had been closed to them.

It became necessary to reinforce one of the pillars of the bridge which was near the driveway and the excavation already described was dug next to the pillar for that purpose. Concrete had been poured and the reinforcement completed but the hole had been left open about four weeks in order that the concrete could dry. Raymond Priddy, the five year old plaintiff and his little companion were playing in the park in the early afternoon. They went over to the piles of dirt which were in the driveway and while his companion waited in the wagon Raymond went too close to the excavation and fell into it. He was seriously injured.

The plaintiff founds his claim upon the proposition that he was playing in a public park and public street where he had a right to be and while there he fell into an unguarded excavation and received his injury; that the defendants knew that children played in the park and close to the excavation which they had allowed to remain open for some four weeks, yet, they failed to barricade the opening or warn the children of the danger and that the city had not by ordinance or otherwise lawfully closed the park as a play ground or the street to pedestrians.

The defendants say that the city by ordinance permitted them to use so much of the park as was reasonably necessary for the purpose of constructing the bridge and that the public had no right to use such portions as was necessary for said work; that the plaintiff was injured in that portion of the park which had been set apart to the defendants for construction purposes and therefore he was a trespasser; that being a trespasser they did not owe him the duty of ordinary care to prevent him falling in the excavation. They further say that the proximate cause of the plaintiff's injury was his own voluntary act and not their failure to warn him or to barricade the excavation; that the failure to have barricades had no connection with plaintiff's injury and that the unfinished condition of the street, the piles of dirt in the street, the building materials scattered around were sufficient to put the

public on notice of the dangers incident to the construction work and finally, that a landlord is not required to keep his premises safe for the uninvited whether they be adults or infants.

If the plaintiff was a trespasser on the property at the time he received his injury, then he would not be entitled to recover, for in Virginia it is reasonably well settled that the owner of property is not required to use ordinary care in the conduct of his premises so as to prevent injury to a trespasser who comes upon the property. See Digest of Virginia and West Virginia Reports (Michie), volume 7, page 650, and the many cases there cited.

If the plaintiff was not a trespasser at the time, then the defendants owed him the duty of exercising ordinary care for his safety while there and whether they performed their duty was a question for the jury. If he was in the park or on one of the driveways which had not been closed to the public then it was the duty of the defendants in the exercise of ordinary care to have warned the plaintiff of the danger and to have barricaded the excavation. *City of Radford* v. *Calhoun*, 165 Va. 24, 181 S. E. 345, 100 A. L. R. 1378.

A trespasser has been defined as one who has committed trespass, one who unlawfully enters or intrudes upon another's land, or unlawfully and forcibly takes another's personal property. Black's Law Dictionary, page 1188.

Webster's New International Dictionary defines trespass as follows: "To enter unlawfully upon the land of another."

The trial court was of the opinion that if the defendants properly gave warning of the dangers incident to the work and erected proper barricades to prevent injury to those exposed, then there would be no liability for the injury to the child, but on the other hand if they failed to give proper warning and failed to reasonably barricade from the public such portion of the park and driveways as the work rendered dangerous then they were liable to persons injured while lawfully using the park and driveways if the injury resulted

from such failure. The court submitted to the jury its views by what we think was a correct construction.

■ We have no difficulty in reaching the conclusion that the infant plaintiff on the occasion in question was not a trespasser. Having reached that conclusion there remains very little to be said. The defendants owed him the duty of exercising ordinary care for his safety and whether they exercised that care has been resolved against them by the verdict of the jury.

When we advert to the evidence we find that the city granted to the Bridge Company only a permission to use Riverside park. It was granted no exclusive right. There was no ordinance withdrawing the park or any part of it from public use. It continued as a children's playground and children were within their rights when they played in the park. There were no notices posted prohibiting the children from going in the park. There were no barricades to keep them out. The barricades that were in certain of the streets were placed there by the city to prevent vehicular traffic going on the bridge before it was completed. There were no barricades around the excavation though the defendants knew or ought to have known that children were frequently playing near it. Children were invited to play in the park. They remained invited guests while there until it was withdrawn from public use. If the city or the defendants wanted to keep them out they should have proceeded lawfully to have closed the park and driveway or they should have so protected any dangerous portion of the work that a child would not likely be injured. The defendants were not required to so barricade the work as to make it "child-proof," but should have exercised reasonable care in providing reasonable barricades and reasonable warning. This, the jury has found, they did not do. We think that finding is supported by the evidence.

■ ■ We have been referred to no case directly in point and we have found none. The principle that a city must use reasonable care to keep its streets reasonably safe for the public use is applicable to this case. It is necessary at times to place obstructions in streets and to dig excavations in them,

but in such cases the public is entitled to be warned of and protected against these dangers in a proper manner. If the city fails to use reasonable care to perform this duty and a traveler is injured as a proximate result thereof the city is liable to such person. What is, or is not, reasonable care on the part of a city in this connection is generally a question for the jury. *City of Radford* v. *Calhoun, supra.* See also, Digest of Virginia and West Virginia Reports (Michie), volume 9, pages 262 and 263, where a number of cases are collected and digested.

There are numerous exceptions to the instructions given and refused. An examination of them convinces us that the defendants were not prejudiced by the action of the court in this regard.

The jury has said by its verdict that the maintenance of the excavation unguarded and without proper warning or danger signs was the cause of the plaintiff's injury. We cannot, as a matter of law, say that they were wrong. It will be assumed that the jury considered the lack of precaution on the part of the defendants in regard to guarding the excavation. It will also be assumed that the jury considered their failure to exercise the care required of them under the circumstances. Upon a consideration of the whole evidence the jury has concluded that the failure of the defendants to provide barriers or other proper means of guarding the excavation was the proximate cause of the plaintiff's injury. This conclusion finds sufficient support in the evidence.

The judgment of the trial court is affirmed.

*Affirmed.*

HUDGINS, J., dissenting.