**LAW AND EQUITY COURT OF THE CITY OF RICHMOND**

Charles R. Hertsch

v.

Daniel Construction Co.

January 28, 1965

Case No. A-6946

By Judge Alex H. Sands, Jr.

Plaintiff, Charles R. Hertsch, an infant, suing by next friend, alleges that on May 5, 1963, he was injured when his bicycle, which he was riding, fell into an unguarded and uncovered excavation created by defendant as a part of certain construction work being performed by it upon premises owned by Northminster Baptist Church. The negligence charged to defendant in the motion for judgment is the leaving uncovered and unguarded of such excavation and the failure to post warnings of its presence in view of the alleged knowledge, actual or constructive, upon the part of defendant that neighboring children used the premises as a playground.

Defendant demurs upon the ground that the motion states the violation of no duty owed by the defendant to the plaintiff.

Assuming as true all allegations of the motion for judgment as well as reasonable inferences which could be drawn therefrom, we have the following situation:

1. An independent contractor performing work upon the premises of another digs an excavation thereon as a part of the work in progress.

2. Children habitually use the area in question for play, including the riding of bicycles, which fact is known or should, in the exercise of reasonable care, be known to the independent contractor.

3. The excavation is unguarded by barricade or other device and unmarked by any warning sign by contractor.

4. Plaintiff, while riding his bicycle over the premises, fell in the excavation causing the injuries complained of.

Plaintiff at the time was either an invitee, licensee, or trespasser (bare licensee) since any third person entering or coming upon the premises of another must fall into one of these three classifications,[1] and the considerations which determine the class into which plaintiff falls are the same whether the alleged tortfeasor be owner, tenant, or independent contractor doing work upon the premises. *Id. Also see Loth v. Colombia Theatre Co.*, 197 Mo. 328, 94 S.W. 847 (1906). Neither the allegations of the motion nor any inferences reasonably drawn therefrom support a contention that plaintiff was an invitee. *Compare Richmond Bridge Corp. v. Priddy*, 167 Va. 114 (1936), *with Washabaugh v. North Va. Constr. Co.*, 187 Va. 767 (1948). Indeed, adopting the view of the allegations of the motion most favorable to plaintiff, he would be no more than a bare licensee and the duty owed him by defendant would be that owed to a trespasser. *Pettyjohn v. Basham, supra.*

Under the general rule, defendant owed plaintiff no duty of prevision or preparation but only the duty not to injure him intentionally or wantonly. Id. There are, however, two exceptions to this general rule in the case of children of tender years. The first exception is known as the "Attractive Nuisance" doctrine which, in essence, says that an owner or one in control of premises who erects or permits to exist thereon a condition or instrumentality potentially dangerous, calculated to attract the interest and attention of children, owes to a child the duty of prevision and preparation as will protect him from injury from such condition or instrumentality.

This doctrine has now been expressly repudiated in Virginia (187 Va. 767, 769) in spite of dicta in one case which suggested that this was not the case. *Town of Big Stone Gap v. Johnson*, 184 Va. 375 (1945); but see comment on this case on 10 W. & L. Law Review at page 29.

The second exception involves a child who, though a trespasser, is injured while upon another's premises by some inherently dangerous agency. But for this exception to be applicable, not only must the instrumentality or condition causing the injury be inherently danger-

---

[1] Pettyjohn & Sons v. Basham, 126 Va. 72 (1919).

ous[2] but must be hidden or latent[3] as well as easily accessible to children.

The allegations of the motion for judgment do not support the existence of *either* of these conditions precedent to the application of this exception to the general rule.

The further exception suggested in *Norfolk, etc., Ry. v. DeBoard*, 91 Va. 700 (1895), presupposes (a) a frequently travelled route over the property in question, (b) a latent and dangerous defect affecting its use which is (c) known or should be known to the owner or proprietor of the property. This exception is not here applicable.

The only case relied upon by plaintiff which has not been heretofore distinguished from the case at bar is *Nesbit v. Webb*, 115 Va. 362 (1913). This case rests, as does the *Priddy* case, *supra*, upon the finding of the Court that the plaintiff, under the facts of the case, was an *invitee*.

Finally, it might well be contended that the statement found in 13 Mich. Jur., page 524, note 1, supports plaintiff's position. This statement reads:

> Where children of tender years are in the habit of using premises as a playground and the owner knows of such use and acquiesces therein for such time as to give the children playing thereon the status of licensees, he owes to such children a duty to protect them against dangers of which he knows.

A reading of the sole case supporting this statement[4] however, shows that it deals with the "dangerous instrumentality" exception above reviewed (the *Adams* case involved gasoline collected in an excavation) and not with a factual situation such as that here involved. This case, incidentally, contains an excellent review of the entire issues with which we are here concerned.

For the above reasons, the demurrer will be sustained with the right reserved to plaintiff to plead over.

---

[2] For example of such characteristics, see Haywood v. South Hill, etc., 142 Va. 761 (1925) (uninsulated electric wire); Daugherty v. Hippchen, 175 Va. 62 (1940) (explosives); Gregory v. Lehigh Portland Cement Co., 157 Va. 545 (1932) (dynamite caps).

[3] Washabaugh v. North Va. Const. Co., supra.

[4] Adams v. Virginian Gasoline & Oil Co., 109 W. Va. 631, 156 S.E. 63 (1930).