# Richmond

LILLIAN V. DAUGHERTY, ADM'X, ET AL. V. JACK HIPPCHEN, WHO SUES, ETC.

February 26, 1940.

Record No. 2155.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*William C. Gloth, John Locke Green* and *William C. Gloth, Jr.,* for the plaintiffs in error.

*Harry A. Shockey* and *Wilson M. Farr,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This case arose out of an injury sustained by Jack Hippchen, plaintiff below, from the explosion of a dynamite cap procured by him from property owned by Theodore B. Daughtery, the defendants' intestate. From a verdict and judgment for the plaintiff, the defendants have obtained a writ of error.

The facts, in the light of the verdict for the plaintiff, may be stated as follows: Daughtery had leased a piece of property in Arlington, Virginia, to Mrs. Ella S. Waters, reserving to himself the use of a tool house located near the

rear of the property. Upwards of a dozen children lived in the immediate neighborhood, and were accustomed to romp and play throughout the nearby property. A favorite haunt was a wooded patch, or "grove," as several witnesses referred to it, which was close to the tool house on Daugherty's property. This tool house was used as a repository of various building materials and supplies, including dynamite and dynamite fuse caps. The door of the tool house was left open nearly all the time. The lot on which the tool house stood was not fenced on either side, and had only a dilapidated chicken-wire fence at the back. Hence the children had no difficulty in gaining access to the vicinity of the tool house. They played there often, although the lessee, Mrs. Waters, and her daughter, in the interest of peace and quiet, had occasionally asked them to go elsewhere. Daugherty knew that the children played there, but gave them no warning to stay away.

On September 6, 1936, the plaintiff, eight years of age, his younger brother, aged seven, and another child, aged five, were playing in the grove, and the plaintiff went into the tool house through the open door. It appears that none of the children had actually entered the tool house before. The plaintiff noticed a tin box on the floor, opened it, and carried away several of the bright metallic objects it contained. These objects were dynamite caps, but their nature was unknown to any of the children. Plaintiff gave several of them to his playmates and took the rest home in his wagon. That evening at his home he was picking at one of the caps with a pin when it exploded, causing the injury complained of. Extensive medical treatment was necessary, including amputation of all fingers on the left hand except the index finger.

Daugherty died while the case was pending in the trial court, and the trial was concluded in the name of his administrators.

There are several assignments of error, but all of them are directed at the sufficiency of the evidence.

■ The issues of the negligence of the defendant and the contributory negligence of the plaintiff were submitted to the jury under instructions to which there were no exceptions. The law as given to the jury by the court is conclusively presumed to be correct and can not now be questioned. The instructions were not brought up with the record.

The substantial question presented is whether the evidence supports the verdict. All other questions are purely incidental and not determinative.

■■ The law applicable seems settled. The degree of care required of one who keeps or stores explosives is relative. Care must be taken in proportion to the danger involved. The care required in such cases is greater than that required where the article stored is harmless. Those who keep explosives must exercise a high degree of care to the end that injuries may not be inflicted.

■ There may be cases of trespassers who are not entitled to a recovery for injuries sustained from explosives while unlawfully on the premises of another unless wantonly inflicted, but this rule has no application where children of immature years are concerned. The courts throw a safeguard around such children to protect them in their childish instincts from the dangerous nature of explosives of which they have no proper understanding. This is especially true where the keeper of explosives knows, or should know, that children of tender years play or are likely to play around the storehouse. Liability may exist where a child of tender years is involved and not exist in the case of a child of more mature years.

■ The general rule seems to be that, even if an immature child is a trespasser, one who stores explosives or has control of other dangerous instrumentalities is not relieved of the duty of exercising a proper degree of care for his protection. If the one who keeps explosives is negligent in leaving them in a place accessible to children who he knows or should know are accustomed to play nearby, the fact that the child is a trespasser will not relieve the

owner from liability. The same is true as to other dangerous instrumentalities. 22 American Jurisprudence, Explosives, sections 18 and 19. 43 A. L. R. 434; *Sedita* v. *Steinberg*, 105 Conn. 1, 134 A. 243, 49 A. L. R. 154, 160; *Smith* v. *Smith-Peterson Co.*, 56 Nev. 79, 45 P. (2d) 785, 48 P. (2d) 760, 100 A. L. R. 440, 451.

In Virginia the general rule has been adopted. *Haywood* v. *South Hill Co.*, 142 Va. 761, 128 S. E. 362; *Lynchburg Telephone Co.* v. *Booker*, 103 Va. 594, 50 S. E. 148; *Gregory* v. *Lehigh Portland Cement Co.*, 157 Va. 545, 162 S. E. 881. In the first two cases the general rule was applied to those who have control of electric current. In the *Haywood Case* the court held that such a deadly hidden force as electricity should not be left easily accessible to children whose frequent presence in the vicinity was known to the defendant. The court also held that the fact that the transformer from which the child received its injury was not in the street, and the fact that the child was a technical trespasser when he was hurt would not prevent a recovery.

In *Lynchburg Telephone Co.* v. *Booker, supra,* the fact that the child was a trespasser did not preclude his recovering a judgment.

Explosives are equally deadly as electric current. Both should be guarded and controlled with utmost care and caution, and especially is this true when it is known or should be known that children of tender years are accustomed to play at or near these dangerous instrumentalities and are likely to gain access to them.

In *Rieder* v. *Garfield Manor Corporation*, 164 Va. 192, 178 S. E. 677, this court held that the defendant exercised the proper degree of care as a matter of law in storing dynamite caps, and when a boy broke into the storehouse, which was securely fastened, and climbed up to a rafter and obtained caps that had been placed out of danger, and was injured by an explosion of one of them, he could not recover. The facts of that case are clearly distinguishable from those here.

■ The law, as applied to the facts in the present case, compels an affirmance of the judgment below. The evidence, which is credible and which the jury evidently accepted, shows quite clearly that Daugherty unsecurely stored dynamite, dynamite caps, alcohol, and acid, along with many other articles, in a tool house or shed, the door of which was left open nearly all the time. He actually knew that children of tender years frequently played in the vicinity of the tool house and must have known that they would be likely to go into the tool house. He must also have known that they, acting upon childish impulses, would take the shiny dynamite caps which had been left in a box on the floor easily accessible to them. Daugherty's conduct in this respect was left to the jury. They have determined that he was negligent and that the plaintiff was free of contributory negligence. There being evidence of a substantial character to support their finding and no error of law appearing, we must affirm the judgment.

*Affirmed.*