# Staunton

## TOWN OF BIG STONE GAP, A MUNICIPAL CORPORATION v. JAMES JOHNSON, AN INFANT, ETC.

September 5, 1945.

Record No. 2941.

Present, All the Justices.

The opinion states the case.

*George L. Taylor* and *M. M. Long*, for the plaintiff in error.

*Fred B. Greear*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

The town of Big Stone Gap maintains and operates within its corporate limits, for the benefit of its citizens, a public recreational area known as "Bullitt Park." In the park are facilities for sports, including baseball, football, and track events. The town also maintains in the park a playground fitted with swings, seesaws, and other appliances for the amusement of small children.

In July, 1942, while a portion of the park and its facilities had been completed and were in use, the running track was being graded by employees of the town. For this purpose a road grader was being used. This machine was so constructed that the operator, by turning a large wheel on either side, through the means of connecting cogwheels, could raise and lower each end of the heavy metal blade. When raised, the blade was held in place at either end by a brake. Upon release of these brakes the blade, by force of gravity, dropped to the ground.

On July 14, 1942, the operator of the machine finished his day's work about four p. m. He pulled the grader from the running track, where he had been working, and parked it near the playground area designed for the use of small children. Before leaving the machine he lowered the blade to the ground.

Within an hour after the operator had left the scraper, James Johnson, the plaintiff below, a barefoot boy eight years of age, and Ralph Smith, his companion, eleven years of age, who had been playing near by, climbed on the machine and began to play there. By their joint efforts they were successful in manipulating first one and then the other of the two large wheels which raised the blade from the ground. While James held the blade in position by means of the foot brake, Ralph climbed on the blade for the purpose of "riding it to the ground" upon the release of the brake by his companion. In releasing the brake, James' foot was caught in the cogwheels and was injured. Fortunately the injury was slight and his recovery has been good.

The injured boy, through his grandfather and next friend, filed a notice of motion for judgment against the town, seeking to recover damages for his injuries. In substance, it was alleged that the town was guilty of "gross and (sic) wanton negligence" in leaving near the playground this machine which was "unsecured, unfastened, unguarded, and unattended," and which, by reason of its nature and construction, was "likely to attract children, excite their curios-

ity, and lead to their injury." It was further alleged that as a proximate result of such "gross and wanton negligence" the plaintiff had been injured.

The allegation of a high degree of negligence was necessary by reason of Code, sec. 3032a (Acts of Assembly, 1940, ch. 153, p. 247), which limits the civil liability of cities and towns in the maintenance or operation of such recreational facilities to cases of "gross or wanton negligence."*

A demurrer to the notice of motion for judgment was overruled and a trial on the merits before a jury resulted in a verdict and judgment of $370 against the town. To review this judgment the present writ of error has been allowed.

The main question before us is whether the act of the town's employee in leaving this machine in the public park near the children's playground measures up to the standard of "gross or wanton negligence" required by the statute in order to sustain the verdict and judgment. The town contends that such act, if negligent at all, does not amount to "gross or wanton negligence" within the meaning and intent of the statute. On behalf of the injured boy it is contended that whether such act meets the requirement of the statute is a jury question.

The terms "gross negligence" and "wanton negligence" have frequently been considered and applied by us. In *Thomas* v. *Snow*, 162 Va. 654; 660, 661, 174 S. E. 837, we adopted this definition used in *Altman* v. *Aronson*, 231 Mass. 588, 121 N. E. 505, 506, 4 A. L. R. 1185: "Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. * * * It is very great negligence, or the absence of slight diligence, or the want of even scant care. * * * It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross

---

*The enactment of this statute followed shortly after the decision in *Hoggard* v. *Richmond*, 172 Va. 145, 200 S. E. 610, 120 A. L. R. 1368, in which this court, with three of its members dissenting, held that in operating a recreational swimming pool a municipality was acting in a ministerial and not in a governmental capacity.

negligence, magnified to a high degree as compared with that present in ordinary negligence. * * * "

In *Wright* v. *Osborne*, 175 Va. 442, 445, 9 S. E. (2d) 452, 454, we said that "gross negligence is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another."

"Wanton negligence" is of even a higher degree than "gross negligence." *Thomas* v. *Snow, supra* (162 · Va., at page 661). Webster's New International Dictionary, 2d Ed., defines "wanton" as "Marked by or manifesting arrogant recklessness of justice, of the rights or feelings of others, * * * ; merciless; inhumane."

As we have frequently said, whether the conduct of a person under given circumstances amounts to "gross or wanton negligence" is ordinarily a jury question. For example, see *Watson* v. *Coles*, 170 Va. 141, 145, 195 S. E. 506, 507; *Thornhill* v. *Thornhill*, 172 Va. 553, 560, 2 S. E. (2d) 318, 321. But the application of the distinctions between these degrees of negligence is frequently difficult to apply and we have not hesitated to set aside verdicts predicated upon a finding of the higher degree of negligence where a review of the evidence convinced us that the minds of reasonable men could not differ as to the conclusion that such higher degree had not been shown. Among such recent cases are, *Carroll* v. *Miller*, 175 Va. 388, 9 S. E. (2d) 322; *Keen* v. *Harman*, 183 Va. 670, 33 S. E. (2d) 197.

The suit of the plaintiff below is grounded on what is commonly referred to as the "attractive nuisance" doctrine. Under this doctrine one who leaves accessible to small children an instrument, machine, or appliance which he knows, or ought to know, is attractive to children and yet is dangerous to them, is guilty of negligence. The two necessary elements of the tort are that the appliance is known to be attractive to children and known to be dangerous to them.

It is not difficult to envision a situation where one or both of these elements may be magnified to such · a degree that leaving a particular machine or appliance accessible to

small children may constitute gross or wanton negligence. But such is not the case before us.

In the first place, there is no proof that the town officials or employees knew or ought to have known that the road scraper was attractive to children. While it had been left in the park over a long period, only on two previous occasions, so far as the record shows, had children been on it. Mrs. Barnett, who lived near the park, testified that about a week before the accident she saw some children playing on the machine. Ralph Smith, who was with the plaintiff below at the time the latter was hurt, testified that he had previously played on the scraper. But there is no showing that the town's employees knew of either of these incidents.

In the next place, there is no proof that the machine was one which was dangerous to children, nor can we say, as a matter of law, that it was inherently so. The danger to be anticipated from playing on an idle road scraper is quite different from that to be expected from handling a dynamite cap, such as was involved in *Daugherty* v. *Hippchen*, 175 Va. 62, 7 S. E. (2d) 119. Nor do we have here a case where moving machinery is left accessible to a small child, such as confronted us in *Filer* v. *McNair*, 158 Va. 88, 163 S. E. 335. Not only was the machinery of the road scraper idle, but the blade was left on the ground in a safe position, and it was only by reason of the combined efforts of these two boys that it was hoisted in such a way as to become dangerous.

Whether the act of the town employee in leaving this machine near the children's playground, under the circumstances stated, amounted to ordinary or simple negligence we need not decide. It is certain, we think, that it did not constitute "gross or wanton negligence" within the meaning of the statute.

For this reason the judgment complained of is reversed, the verdict of the jury is set aside and final judgment here entered for the town of Big Stone Gap, the defendant below.

*Reversed and final judgment.*