Henry James TAYLOR, an infant who sues by and through his mother and next friend, Gertrude Marie Taylor, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9008.

United States Court of Appeals Fourth Circuit.

Argued Sept. 24, 1963.

Decided Nov. 15, 1963.

There was no concrete curbing under the "industrial type wire mesh seven foot fence, topped with three strands of barbed wire" which surrounded the site. Underneath the fence, on the lower side, there existed a hole of about seven or eight inches in depth and approximately two feet wide. The plaintiff and a thirteen year old companion crawled through the hole on several occasions. On one of these excursions, the plaintiff was burned when he climbed up into the transformer banks. The evidence indicated that the plaintiff had increased the size of the hole by removing a few handfuls of rock.

A careful reading of the trial court's opinion leads us to believe that the court misapprehended what was the applicable Virginia law in the circumstances of this case. We think that the Supreme Court of Appeals of Virginia in the case of Robbins v. Old Dominion Power Company, 204 Va. 390, 131 S.E.2d 274 (1963), decided since the opinion in this case, makes it clear that it is not necessary for the plaintiff under the facts of this case to prove that children did in fact frequent the vicinity of the transformer station or that the defendant had knowledge of such fact. It is sufficient if the defendant should have known that children were likely to be in the vicinity or that the station was located in an area which was accessible to children who lived in the vicinity. The existence of the facility within 100 to 125 yards of the assigned quarters for non-commissioned officers living on the post with their families; the post regulation which prohibited these families from constructing fences around their premises to confine small children; the absence of any restriction against children playing anywhere within the area that their fancy might take them—all these factors, combined with the existence of the hole under the fence surrounding the structure through which these small boys could and did crawl on several occasions, as well as on the occasion of the injury, bring the case clearly within the Virginia doctrine requiring a high degree of care—commensurate with the danger involved

Elmer B. Gower, Springfield, Va., for appellant.

Morton Hollander, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Claude V. Spratley, Jr., U. S. Atty., and Sherman L. Cohn and Ernest J. Ettlinger, Attys., Dept. of Justice, on brief), for appellee.

Before BRYAN and J. SPENCER BELL, Circuit Judges, and NORTHROP, District Judge.

J. SPENCER BELL, Circuit Judge.

The plaintiff appeals from a judgment of the district court under the Tort Claims Act. The court held that the defendant was not guilty of negligence under the applicable Virginia law. In support of its conclusion the court pointed out that the plaintiff had failed to prove that children were known to play in the area where the defendant was maintaining an admittedly dangerous instrumentality.

The infant plaintiff, aged 7 years and 7 months, was severely burned on August 22, 1956, when he got inside a transformer substation located between 100 and 125 yards from his home at Fort Belvoir, Virginia. The station was constructed for the Government and had been under its control and operation for four months prior to the accident. In constructing the station, an area was levelled on the side on a hilltop. The surface was covered with washed gravel.

—in establishing and maintaining a dangerous electrical installation. In the Robbins case, the Virginia court, through Justice Spratley, summarized the Virginia law as follows:

"In Virginia, in a long line of cases, we have held that those who engage in the production and distribution of electricity are required to use a high degree of care—care commensurate with the danger involved—to prevent injury to others. This is especially true where it is known that children of tender years play, *or are likely to play*, around electric wires, and at places where others have a right to work or may reasonably be expected to go for work, business or pleasure. Smith v. Virginia Electric and Power Co., 204 Va. 128, 132, 133, 129 S.E.2d 655; Northern Virginia Power Co. v. Bailey, 194 Va. 464, 469, 73 S.E.2d 425; Trimyer v. Norfolk Tallow Co., 192 Va. 776, 783, 66 S.E.2d 441; Haywood v. South Hill Manufacturing Co., 142 Va. 761, 128 S.E. 362; Waddell v. New River Co., 141 W. Va. 880, 93 S.E.2d 473. Cf. Daugherty v. Hippchen, 175 Va. 62, 65, 66, 7 S.E.2d 119; 29 C.J.S. Electricity § 39, page 575; 18 Am.Jur., Electricity, § 48, page 443." (Emphasis added.) 131 S.E.2d at 279.

In support of its opinion that the defendant must have actual knowledge that children frequently gathered at the site of the transformer station, the court cites Washabaugh v. Northern Virginia Const. Co., 187 Va. 767, 48 S.E.2d 276 (1948). We cannot read that case to support the decision here. In Washabaugh the defendant demurred to a complaint alleging in substance that the plaintiff's intestate, a nine year old boy, had drowned in the defendant's flooded quarry. The complaint further alleged that the defendant had actual knowledge that children frequented the quarry and it was, therefore, under legal obligation to fence it off in such a manner as to keep children out. The court, in effect, sustained the defendant's demurrer holding that an artificial pond was no different from a natural body of water; that it was not an instrumentality having a latent, hidden dangerous potential and consequently the defendant was under no legal obligation to fence it. In distinguishing the case from those involving electricity, explosives and gasoline the court made the statement relied upon by the district court: "In order for the doctrine to apply, the danger of the instrumentality must not only be hidden or latent, but the instrumentality must be easily accessible to children *and in a location where it is known that children frequently gather.*" (Emphasis added.) 48 S.E.2d at 278. We think it sufficient to point out in the light of the Robbins decision that the statement was not only pure dictum but also was made in the context of a demurrer which raised no issue between actual and constructive knowledge on the defendant's part.

█ Reliance is placed by the defendant upon the court's finding that the Government could not be held to liability for its failure to foresee that a child might enlarge the hole by removing gravel and rocks. We do not think the Virginia law requires such foreseeability where negligence exists. Cf. Gregory v. Lehigh Portland Cement Co., 157 Va. 545, 162 S.E. 881 (1932).

As the court below decided the case on a misapprehension of the Virginia law in the circumstances and made no findings on contributory negligence, the case is remanded for retrial in accordance with this opinion.

Remanded.