Henry James TAYLOR, an infant, who sues by and through his mother and next friend, Gertrude Marie Taylor, Appellant,

v.

UNITED STATES of America, Appellee.

No. 10239.

United States Court of Appeals Fourth Circuit.

Argued March 9, 1966.

Decided April 13, 1966.

Elmer B. Gower, Springfield, Va., for appellant.

Jack H. Weiner, Atty., Dept. of Justice (C. V. Spratley, Jr., U. S. Atty., and MacDougal Rice, Asst. U. S. Atty., on brief), for appellee.

Before BRYAN, Circuit Judge, MARVIN JONES, Senior Judge,* United States Court of Claims and CRAVEN, District Judge.

CRAVEN, District Judge.

Once again we consider this tort claim case on plaintiff's appeal from a judgment entered in favor of the government. Previously we thought it appropriate to vacate the judgment and remand for trial *de novo* for the reasons stated in Taylor v. United States, 326 F.2d 284 (4th Cir. 1963). Therein we recited the facts sufficiently to illuminate the problem, and it is unnecessary to do it again. See also Taylor v. United States, 213 F.Supp. 545 (E.D.Va.1963).

■ In its extensive memorandum of decision filed after the second trial, the district court failed and refused to conclude as a mixed finding of fact and law that the government was guilty of negligence. There was a finding that the government made no inspection of the fence or apron surrounding the transformer which would alone support a conclusion of negligence. Perhaps such a finding was inadvertent, because the weight of the evidence appearing in the record is to the contrary. We need not decide, because the court also found that the hole under the fence appeared to be man-made, and that there was no evidence of washing, erosion, or settling. It is plain the minor plaintiff dug out the hole under the fence to get in the enclosure and that he did so immediately before the injury occurred. The duty of the government to make inspections— even frequent inspections—does not include constant surveillance. An inspection prior to the incident would not have disclosed the hole under the fence. If there was failure to inspect, it could not have been the proximate cause or one of the proximate causes of the injury. The failure of the district court to conclude that the evidence discloses actionable negligence on the part of the defendant is not clearly erroneous.

■ Primarily, however, the district court based its decision on its conclusion that the plaintiff was barred by his own contributory negligence. At the time of the injury, plaintiff was some months past the age of seven years. In Virginia, children between the ages of seven and fourteen are presumed to be incapable of exercising care and caution for their own safety, and this presumption prevails unless rebutted by sufficient proof to the contrary. Grant v. Mays, 204 Va. 41, 129 S.E.2d 10 (1963). The defendant has the burden of overcoming this presumption unless contributory negligence is plainly disclosed by the plaintiff's own evidence. See Norfolk Southern Railway Co. v. Wood, 182 Va. 30, 28 S.E.2d 15 (1943).

■ On this phase of the case, the district court, 242 F.Supp. 759, found the facts to be as follows:

"The evidence in re this phase of the case discloses that the plaintiff was an above average student—that he was

warned that this was an electric appliance and there was electricity there that could electrocute people—that he had been told to keep away from the place—that he had been inside the substation enclosure on at least three previous occasions—that he got inside the first time by climbing over the fence—that he was looking for an easier way to get in when he found the hole or depression under the fence—that both boys (Henry and his friend Roy) had to remove some rocks on each occasion when they crawled under the fence. Henry said it took him awhile to remove some gravel—that a pile of gravel some six or eight inches in height was found immediately following the accident a foot or two back from the hole 'like it had been pulled out from under the fence.'

"After getting inside the enclosure Henry had to climb up the framework some twenty feet before he came in contact with the hot wires. This, at a time when he was told by Roy he should not go up there, he might get hurt or fall."

Upon the foregoing findings of fact, the court adjudged the plaintiff to have been guilty of contributory negligence. Negligence and the capacity for it are questions of degree. The district judge was better positioned than are we to make the gradation judgment. It is neither appropriate nor necessary to determine whether we agree with his decision. It is enough that his determination is supported by substantial evidence and is not clearly erroneous.

Affirmed.

JONES, Senior Judge *, United States Court of Claims (concurring in the result):

I cannot agree, in the circumstances revealed by the evidence in this case, that the plaintiff was guilty of such contributory negligence as can be legally treated as the proximate cause of the injury to the plaintiff.

Here was a child between 7 and 8 years of age, largely inexperienced, filled with curiosity, to whom the world was filled with hidden secrets, all of which he would like to explore and if possible see with his own eyes and touch with his own hands.

The authorized employees of the defendant had installed on Government property a facility carrying a high-voltage current of electricity, capable of causing death to anyone coming in contact with it. It was built on the flattened surface near the top of a slope where erosion might well occur. The soil was of such a character as to be subject to erosion. A chain link fence 6 feet high, with an additional foot consisting of 3 strands of barbed wire flaring out at an angle of 45 degrees at the top, had been built as an enclosure for the transformer. A layer of broken or small rocks had been placed underneath the fence. The entrance gate was securely locked.

It was well known that numerous children lived nearby who used the general premises as a playground and who knew the facility was there. They had used this area before the transformer substation was installed. In fact, the plaintiff, Henry Taylor, and a younger playmate had more than once climbed over the 7-foot fence.

No one was around to interfere with the children climbing the fence nor their climbing of the scaffold after entrance.

The plaintiff was attracted by the hum. He did not know what caused it, and he was curious.

On the day of the injury, the plaintiff and his playmate were looking for an easier way of entering the enclosure without climbing the fence. He removed, or had theretofore removed, a few handfuls of small broken rocks from underneath the fence. The evidence is conflicting as to whether the hole had been created entirely by the removal of the rocks or whether it had been caused by water running down the slope and a few rocks removed to make access easier.

---

* Sitting by designation.

Henry Taylor slid under the fence, and climbed the scaffold. Coming in contact with the electric current, he was badly burned. His injury is permanent and he can never again be fully normal. He has had several operations and through the coming years must undergo 14 more operations after he becomes 18 years of age.

The trial court determined that plaintiff-appellant was guilty of contributory negligence and for that reason may not recover. I do not think the evidence in this case is sufficient to support a finding of contributory negligence. True, his father, who was stationed in Greenland, had warned him of the danger before he left nearly 4 months before the injury. But what 7½-year-old child has not been warned of various dangers many times? A child is filled with curiosity and wonder. That is the primary way he learns and thus becomes educated in the natural laws of the universe. The earth, the sea, and the sky are filled with mysteries which are revealed to him not so much from teaching but by exploration and experience. A small child is told the fire will burn, but when he touches it he knows what is meant.

The Virginia law treats a boy of 7 to 14 years as being incapable of contributory negligence unless the opposite party or the circumstances show special capability or knowledge of the danger involved. Plaintiff was near the bottom of this age bracket.

It is doubtful that Henry Taylor knows much about electricity. Who does? As a matter of fact, we only know some things it will do, but the why baffles us.

I cannot believe that this case should go away on any finding of contributory negligence of a 7-year-old plaintiff to whom the miracles of the earth are just unfolding.

On the other issue in the case I must concur.

While the evidence is conflicting on the question of whether those in charge of the substation used the degree of care commensurate with the dangers involved in handling of a dangerous facility, the trial judge, who heard the witnesses and saw them face-to-face, has found after two trials that the defendant used the necessary degree of care in the circumstances. He found that the enclosure fence was of the same type and kind used by purveyors of electricity in that vicinity, that the gate was kept securely locked and other appropriate steps were taken. There is substantial evidence to support his findings of fact and conclusions on this phase of the case.

I therefore concur in the result.