## Richmond

BETTY JEAN GROOME v. ALMA BEATRICE BIRKHEAD.

January 14, 1974.

Record No. 8270.

Present, All the Justices.

*Robert E. Taylor* (*Brian J. Donato; Taylor, Michie & Callaghan,* on brief), for plaintiff in error.

*W. W. Whitlock,* for defendant in error.

Per Curiam.

In this case, Alma Beatrice Birkhead was injured while riding with her daughter, Betty Jean Groome, in an automobile which collided at an intersection with a vehicle operated by James Clark Fitzgerald. Mrs. Birkhead recovered in the court below a jury verdict and judgment in the sum of $26,000 against Mrs. Groome, who is here on a writ of error.[1]

The collision in question occurred at approximately 4:20 p.m. on February 2, 1971. On that day, Mrs. Groome had driven her mother

---

[1] Mrs. Birkhead also sought recovery against Fitzgerald but the jury exonerated him, and the judgment in his favor has become final.

from Louisa County, where both resided, to the city of Waynesboro to visit another of Mrs. Birkhead's daughters. On the return trip, Mrs. Groome was driving through Waynesboro in an easterly direction on Western Road approaching its intersection with South Delphine Avenue, an intersection with which she was familiar.

Western Road, as its name indicates, runs east and west. South Delphine Avenue runs north and south. Vehicles eastbound on Western Road must proceed up a "rather steep grade" to reach the intersection and then must yield the right of way, in response to a highway sign, to traffic on South Delphine Avenue. A motorist sitting in an automobile on Western Road at the western edge of South Delphine Avenue has visibility to the north, or left, of approximately ½ mile. The lighting and weather conditions on the day of the collision did not hamper visibility.

Mrs. Groome proceeded up the grade on Western Road, reached South Delphine Avenue, and entered the intersection planning to make a left turn. Her vehicle was immediately struck on its left side by Fitzgerald's automobile, which was proceeding in its proper lane in a southerly direction on South Delphine Avenue. Mrs. Groome did not see the Fitzgerald vehicle before the impact.

Mrs. Birkhead's case against Mrs. Groome was submitted to the jury upon principles of simple negligence, the trial court having ruled that the mother was a paying passenger in her daughter's vehicle. Whether this ruling was erroneous is the first subject of inquiry.

The evidence upon this point shows that Mrs. Birkhead requested Mrs. Groome to drive her to Waynesboro on the day in question and that, before commencing the trip, she told Mrs. Groome she would purchase gasoline for the vehicle. No gasoline was purchased on the way to Waynesboro, however, because none was then needed, but it was understood that Mrs. Birkhead would make the purchase on the return trip. The accident occurred before the purchase was made.

Under Code § 8-646.1, "a guest without payment" must prove gross negligence on the part of the host to support a recovery for personal injuries. We are of opinion that Mrs. Birkhead's evidence was insufficient to elevate her to the status of a paying passenger and eliminate the necessity of showing gross negligence on the part of Mrs. Groome.

Payments made or services performed for transportation, to be sufficient to elevate one from a guest to a paying passenger, "must be more than gratuitous gestures of reciprocal hospitality, or social amenities, extended without thought of bargaining for the transportation."

*Davis* v. *Williams*, 194 Va. 541, 546, 74 S.E.2d 58, 61 (1953). Any suggestion to Mrs. Birkhead and Mrs. Groome that a bargained-for arrangement existed between them whereby Mrs. Groome would receive compensation for transporting her mother "would doubtless 'have met the displeasure of both at the time.'" *Smith* v. *Tatum*, 199 Va. 85, 89, 97 S.E.2d 820, 823 (1957).

The transportation of Mrs. Birkhead by Mrs. Groome and the mother's undertaking to purchase gasoline were, in our opinion, mere "gratuitous gestures of reciprocal hospitality" extended in a family relationship. So we hold that Mrs. Birkhead was not a paying passenger in her daughter's vehicle.

■ We will, therefore, reverse the judgment of the trial court. We must now decide whether we should enter final judgment in favor of Mrs. Groome or remand the case for a new trial. The answer to that question depends upon whether the evidence was sufficient to make a jury issue of the alleged gross negligence of Mrs. Groome.

At one point in her testimony, Mrs. Groome stated that when she reached the intersection in question she stopped, looked both ways, saw no traffic approaching on the intersecting street, and then proceeded into the intersection. She further testified, however, that she "thought" she had looked but "just [could not] explain" why she had not seen Fitzgerald's approaching vehicle. Fitzgerald testified that Mrs. Groome's car "popped right over the hill right in front" of him. Mrs. Birkhead, when asked if Mrs. Groome had stopped before entering the intersection, merely stated, "She's a good driver" and, when pressed for a responsive answer, said, "Well I think she slowed down. I know that."

From this evidence and its fair inferences, a jury could conclude that Mrs. Groome recklessly failed to look, before entering the intersection, to determine whether there was traffic approaching which would require her to yield the right of way in obedience to the highway sign controlling traffic on Western Road. Alternatively, a jury could conclude that although she looked she failed to heed the danger that was obviously present and entered the intersection in reckless disregard of her duty to yield the right of way. And, upon either of these conclusions, a jury could base a finding of gross negligence on the part of Mrs. Groome. *See Solterer* v. *Kiss*, 193 Va. 695, 701-03, 70 S.E.2d 329, 333-335 (1952).

We will, therefore, remand the case for a new trial.

*Reversed and remanded.*