## Richmond

SUE ANN HOLLOWAY v. DORIS P. CONNER, EXECUTRIX, ETC.

January 20, 1975.

Record No. 740018.

Present, All the Justices.

*Frank O. Meade (Meade, Tate, Meade & Daniel,* on brief), for plaintiff in error.

*James S. Farmer; David T. Petty, Jr. (Thomas L. Phillips; Kizer, Phillips & Petty,* on brief), for defendant in error.

Carrico, J., delivered the opinion of the court.

Kenneth E. Conner was killed when the automobile in which he was riding crashed into a bridge. For his death, the executrix of his estate, Doris P. Conner (hereinafter the plaintiff), recovered a jury verdict and judgment of $74,000 against the operator of the vehicle, Sue Ann Holloway (hereinafter the defendant). The defendant has appealed.

In the court below, the case was submitted to the jury upon the theory that Mr. Conner was a passenger rather than a guest in the vehicle operated by the defendant and that the plaintiff accordingly was entitled to recover for ordinary negligence. On appeal, the plaintiff does not contend that the evidence would have sustained a finding of gross negligence. Our consideration of the case, therefore, will be confined to the narrow issue whether the trial court erred in ruling that Mr. Conner was a passenger rather than a guest in the death vehicle.

The evidence shows that Mr. Conner and the defendant were brother and sister. On September 20, 1969, the defendant visited her brother at his home in Brookneal, Campbell County. Having recently purchased a new automobile from a local dealership, Mr. Conner suggested that the defendant might be interested in the vehicle he had traded for his new car.

Accompanied by her brother, the defendant went to the automobile company. There, she discussed with an officer of the company, W. R. Herndon, with whom she was acquainted, the proposed purchase of the traded vehicle. Later, Mr. Conner, Mr. Herndon, and the defendant went to the home of Gordon Holt, a salesman for the company, where the automobile in question was located. Again, the defendant's proposed purchase of the vehicle was discussed. During the conversation, Mr. Conner suggested that the defendant test-drive the vehicle. Accompanied only by Mr. Conner, the defendant drove off. A short time later, the fatal accident occurred.

With respect to whether Mr. Conner was a guest or a passenger, the trial court held that the automobile company, the owner of the traded vehicle, had loaned the car to both Mr. Conner and the defendant and that they were co-bailees. Accordingly, the court ruled that Mr. Conner was not a guest and that the plaintiff could recover upon a showing of ordinary negligence.

On appeal, the plaintiff advances the co-bailee theory, but contends alternatively that the transportation of Mr. Conner was "primarily for the attainment of some tangible and substantial objective or business purpose" of the defendant. In either view, the plaintiff argues, Mr. Conner was removed from the status of a guest in the vehicle operated by the defendant.

The testimony upon which the plaintiff relies to support the co-bailee theory consists of statements of Gordon Holt, the automobile salesman. Holt testified that he gave both Mr. Conner and the defendant "permission to take the car and leave with it" and that if Mr. Conner "hadn't been along," he, Holt, would "certainly have gone with" the defendant. W. R. Herndon, the automobile company officer, testified, however, that it was the defendant — not Mr. Conner — with whom he "was dealing" and that he "let her have the car." While it is doubtful that the statements of Holt would suffice to sustain a bailment agreement, express or implied, between Mr. Conner and the

automobile company, the testimony of Herndon completely negates the idea of any such agreement. So the co-bailee theory was not supported by evidence.

Thus, whether Mr. Conner was a passenger rather than a guest depends upon the efficacy of the plaintiff's alternative contention that the transportation of Mr. Conner was "primarily for the attainment of some tangible and substantial objective or business purpose" of the defendant. The "objective or business purpose," the plaintiff asserts, was "the assistance of [Mr. Conner] in testing the automobile previously sold by him and helping [the defendant] decide whether or not to purchase the vehicle."

Given the circumstances of this case, we believe the asserted objective or business purpose was transcendental and tenuous rather than tangible and substantial. After all, Mr. Conner and the defendant were brother and sister. He had no further financial interest in the traded vehicle. His assistance in testing the vehicle was no more than a gratuitous, friendly act prompted by family interest and relationship. Without doubt, neither Mr. Conner nor the defendant contemplated that his transportation in the vehicle would result in the creation of a contractual relationship between them or that, by accompanying her, he would confer upon her any benefit of a business nature.

The evidence with respect to Mr. Conner's status presented matters concerning which reasonable minds should not differ. Only one fair conclusion was justified — that Mr. Conner was a guest in the vehicle operated by the defendant. *See Groome* v. *Birkhead,* 214 Va. 429, 430-31, 201 S.E.2d 789, 790-91 (1974), and *Smith* v. *Tatum,* 199 Va. 85, 89-90, 97 S.E.2d 820, 823 (1957).

For the reasons assigned, we hold that the plaintiff was not entitled to recover upon a mere showing of ordinary negligence. Accordingly, and because there is no contention that the evidence would have sustained a finding of gross negligence, the judgment appealed from will be reversed and final judgment will be entered here in favor of the defendant.

*Reversed and final judgment.*