# CIRCUIT COURT OF THE CITY OF NORFOLK

Milton J. Canty
and the Estate of
Marion Boush

v.

City of Norfolk
and Alexander Martynov

March 26, 2013

Case No. CL12-5397

BY JUDGE JUNIUS P. FULTON, III

A hearing was held on February 13, 2013, on defendant Martynov's plea of governmental immunity and plaintiff's Motion to Amend Bill of Particulars to allege gross negligence.

At the conclusion of the hearing, the Court determined that Officer Martynov is entitled to governmental immunity but withheld determination as to whether sufficient evidence exists to allow the allegation of gross negligence. Having considered the transcript of these proceedings, including the stipulated testimony of Sampson Moore, the Court will allow the plaintiff to amend her bill of particulars to allege gross negligence.

Gross negligence "means something more than lack of ordinary care." *Carr v. Patram*, 193 Va. 604, 610 (1952). The Court defines gross negligence as a "degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another." *Id.* (citing *Town of Big Stone Gap v. Johnson*, 184 Va. 375, 378 (1945)). In addition, it "amounts to the absence of slight diligence, or the want of even scant care." *Id.* Further, the degree of negligence ought to "shock fair minded men although [it be] something less than willful recklessness." *Evans v. Evans*, 280 Va. 76, 87, n. 1.

In *Groome v. Birkhead*, 214 Va. 429, 430 (1974), the defendant entered into an intersection with a stop sign to make a left turn and was immediately struck on the side by the plaintiff's vehicle. The defendant testified that "she stopped, looked both ways, saw no traffic approaching on the intersecting

street, and then proceeded into the intersection." *Id.* at 431. However, she later stated that she thought she looked but could not explain why she did not see the plaintiff's vehicle approaching. *Id.* The Court held that a jury could find gross negligence in two ways: (1) "conclude that [defendant] recklessly failed to look, before entering the intersection" or (2) "conclude that, although she looked, she failed to heed the danger that was obviously present." *Id.*

In this case, reasonable minds could differ upon whether gross negligence has been established. At the hearing, Martynov testified both on direct and cross examination that he did check his blind spot but did not see Boush's car. If a reasonable person believed Martynov's testimony, the reasonable person could conclude that Martynov was not grossly negligent because he showed some care in checking his blind spot.

However, Moore testified that Martynov was about three or four car lengths in front of Boush before he executed the turn into the left turn lane and that Boush did not do anything that may have caused the accident. If a reasonable person found Moore's testimony to be credible, a reasonable person could conclude that Martynov checked his blind spot, saw Boush's approaching car, and failed to react properly in judging whether he could maneuver over in time. Therefore, based on *Groome*, a reasonable person could find Martynov grossly negligent for failing to heed the danger that was obviously present, Boush's incoming car.

In contrast, a reasonable person may not find Martynov's testimony that he checked his blind spot to be credible. If Martynov proceeded to change lanes in medium to heavy traffic while not checking his blind spot or turning on his turn signal, sirens, or lights, his conduct could be grossly negligent. While distracted by the car with the expired registration sticker he was pursing, a reasonable person could conclude that he neglected to consider the safety of all others on the road, including his own.