## CIRCUIT COURT OF WYTHE COUNTY

Ruby Mooney

    v.

Guardian Emergency
Medical Services, Inc.,
Lead Mines Rescue Squad, Inc.
James LaRue,
Joshua Stone,
Selective Ins. Co. of S.C.,
and Nationwide Mutual Ins. Co.

December 17, 2014

Case No. CL13000007-00

BY JUDGE JOSIAH T. SHOWALTER, JR.

Before the Court are Defendants Guardian Emergency Medical Services ("Guardian"), Lead Mines Rescue Squad ("LMRS"), James LaRue, and Joshua Stone with Motions for Demurrers on the claim of gross negligence, Summary Judgment on the negligence claims, and Special Pleas through the defense of sovereign immunity. Motions to Permit Depositions were also filed by LMRS, LaRue, and Stone. Additionally, Selective Insurance Company of South Carolina ("Selective") and Nationwide Mutual Insurance Company ("Nationwide") are also Defendants before the Court with Special Pleas and Motions for Summary Judgment. Furthermore, the Plaintiff has also filed a Motion for Summary Judgment on the use issue. After hearing the arguments of the parties and after considering all of the evidence, Selective and Nationwide's Motions for Summary Judgment are

hereby granted, and all other Defendants' motions for Summary Judgment, Demurrer, and Special Pleas are denied. Additionally, Defendants' Motion to Permit Depositions is denied, and Plaintiff's Motion for Summary Judgment is also denied.

## Factual Findings

On or about July 8, 2012, emergency services were called to Ruby Mooney's, the Plaintiff, residence in Max Meadows, Wythe County, Virginia. Two EMTs, James LaRue and Joshua Stone, responded to the call and arrived at the scene in a rescue vehicle. LaRue and Stone were employees of Guardian. Guardian contracted with LMRS to provide ambulance personnel for LMRS. Wythe County directly contracted with LMRS to provide medical services on behalf of the county.

Upon arriving at Mrs. Mooney's home, LaRue and Stone parked the ambulance near the front of the house with the lights and sirens disengaged. LaRue Deposition Transcript, pp. 16-19. The ambulance, while parked, was not used in any traffic control capacity. LaRue Deposition Transcript, pp. 21-22. According to LaRue, the engine was left running to keep the inside of the ambulance cool. LaRue and Stone did take certain items out of the ambulance to help assist the Plaintiff, but none of these things were connected to the ambulance at the time of the incident; they were simply retrieved from it prior to the incident. Stone Deposition Transcript, pp. 17-18. The ambulance was not being used at the house after arriving and would only be used again to transport the Plaintiff to the hospital.

Plaintiff claims that LaRue and Stone attempted to lift her from her bed and onto a stretcher. Mrs. Mooney is a larger woman, and her family urged LaRue and Stone to wait for assistance from the fire department before attempting to lift Mrs. Mooney, lest she be hurt. Despite these warnings, LaRue and Stone did not wait for additional assistance and proceeded to try and lift Mrs. Mooney and subsequently dropped the Plaintiff, who then suffered injuries. Mrs. Mooney brought this case against LaRue and Stone and vicariously against Guardian and LMRS in conjunction with Selective and Nationwide. Plaintiff's counsel has agreed to the use of Joshua Stone's and James LaRue's deposition transcripts for the Special Plea and Motion for Summary Judgment. April 14, 2014, Hearing Transcript, p. 38, lines 9-11.

Guardian, LMRS, LaRue, and Stone bring Demurrers on the claim of negligence, Special Pleas through the defense of sovereign immunity, and Motions for Summary Judgment on the claims of negligence and gross negligence brought by the Plaintiff. The Defendants, respectively, also move to Permit Depositions entered by the Plaintiff regarding the Plea of Sovereign Immunity. Moreover, Selective has filed a Special Plea and Motion for Summary Judgment, and Nationwide has joined Selective as it relates to vehicle insurance coverage.

*Analysis*

## A. *Demurrer*

When addressing a demurrer, the facts are taken as alleged, with all reasonable inferences taken in a light most favorable to the plaintiff. *See Ayers v. Shaffer*, 286 Va. 212, 216-17, 748 S.E.2d 83, 87 (2013) (recalling that a demurrer admits the truth of all material facts expressly alleged, fairly viewed as impliedly alleged, or fairly and justly inferred from the facts alleged).

## B. *Special Plea in Bar*

A plea in bar is utilized to "reduc[e litigation] to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery." *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116-17, 661 S.E.2d 834, 838 (2008), *citing Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The party asserting a plea in bar bears the burden of proof on the issue presented. *Hawthorne v. VanMarter*, 279 Va. 566, 577, 692 S.E.2d 226, 233 (2010).

## C. *Summary Judgment*

Summary judgment is only available where no material fact is in dispute. "A grant of summary judgment must be based upon undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to requests for admissions." *Andrews v. Ring*, 266 Va. 311, 318, 585 S.E.2d 780, 783-84 (2003). The trial court "may consider the stipulations of the parties, answers to interrogatories, and deposition testimony if the parties agree." *Andrews v. Ring*, 266 Va. 311, 318, n. 2, 585 S.E.2d 780, 783-84 (2003). "Additionally, the trial court must consider inferences from the facts in the light most favorable to the non-moving party, unless the inferences are strained, forced, or contrary to reason." *Andrews v. Ring*, 266 Va. 311, 318, n. 2, 585 S.E.2d 780, 784 (2003), *citing Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993).

## D. *Sovereign Immunity and Gross Negligence*

Sovereign immunity denies a court jurisdiction over certain entities, and a waiver of such immunity cannot be implied by general statutory language, but must be expressly and explicitly announced. *Afzall v. Commonwealth*, 273 Va. 226, 230, 639 S.E.2d 279, 281 (2007). Sovereign immunity exists to allow public employees to carry out their occupational functions without fearing a lawsuit. *Messina v. Barden*, 228 Va. 301, 307 S.E.2d 657, 660 (1984). It also protects the public purse and ensures that the threat of litigation does not deter citizens from accepting public employment. *Id.*

"Counties, as political subdivisions of the Commonwealth, enjoy the same tort immunity as the sovereign." *Seabolt v. County of Albemarle*, 283 Va, 717, 719-20, 724 S.E.2d 715, 716-17 (2012). Counties are integral parts of the State. *Mann v. County Bd. of Arlington Cnty.*, 199 Va. 169, 98 S.E.2d 515, 518 (1957). "[Counties] are created for the civil administration, in keeping with the policies of the State, of such powers as may be delegated and conferred upon them, and serve as agencies of the State for the purposes specified, subject to such liabilities as are imposed upon them by law." *Id.*

A county bestows its sovereign immunity upon the governmental functions of its instrumentalities. *Messina v. Burden*, 228 Va. 301, 311, 321 S.E.2d 657, 662 (1984). "A function is considered governmental if it is the exercise of an entity's political, discretionary, or legislative authority." *Carter v. Chesterfield Cnty. Health Comm'n*, 259 Va. 588, 591, 527 S.E.2d 783, 785 (2000). In contrast, a ministerial act involves no discretion; it is proprietary. *Id.* A county may provide emergency medical services to its citizens via emergency medical personnel, and medical services providers so engaged shall be deemed an instrumentality of the county. Va. Code §§ 27-23.6(A), (B) (2013). A court uses a four-part test to evaluate whether an entity is entitled to immunity as an instrumentality: (1) the nature and function of the entity, (2) the extent of the state's interest and involvement in that function, (3) the degree of control and discretion exercised by the state over that entity, and (4) whether the action complained involved the use of the entity's judgment and discretion. *Messina v. Burden*, 228 Va. at 321, S.E.2d at 663 (*citing James v. Jane*, 221 Va. 43, 53, 267 S.E.2d 108, 113 (1980)).

Independent contractors, however, are expressly excluded from the protections of sovereign immunity. *Atkinson v. Sachno*, 261 Va. 278, 284, 541 S.E.2d 902, 905 (2001). An entity's status as independent contractor or instrumentality *is generally a question of fact for a jury. Id.* (emphasis added). The factors to be considered when establishing whether an entity is an independent contractor are: (1) the selection and engagement of the entity, (2) the system of payment and compensation, (3) the hirer's power of dismissal, and (4) the hirer's power to control the work of the entity. *McDonald v. Hampton Training Sch. for Nurses*, 254 Va. 79, 82, 486 S.E.2d 299, 301 (1997). The government's power to control the alleged instrumentality is the determinative factor. *Id.* (*citing Hadeed v. Medic-24, Ltd.*, 237 Va. 277, 288, 377 S.E.2d 589, 595 (1989)).

Even if an entity is granted sovereign immunity, it is still potentially liable for claims of gross negligence. *National R.R. Passenger Corp. v. Catlett Volunteer Fire Co.*, 241 Va. 402, 414, 404 S.E.2d 216, 222 (1991). Gross negligence is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. *Ferguson v. Ferguson*, 212 Va. 86, 92, 181 S.E.2d 648, 653 (1971). "[Gross negligence] is a heedless and palpable violation of a legal duty

respecting the rights of others," *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987) (*quoting Town of Big Stone Gap v. Johnson*, 184 Va. 375, 378, 35 S.E.2d 71, 73 (1945)). Gross negligence amounts to the absence of slight diligence, the want of even scant care. *Id.*

E. *Motion to Permit Plaintiff's Depositions Relating to the Defendant's Plea of Sovereign Immunity*

"No motion for summary judgment or to strike the evidence shall be sustained when based in whole or in part upon any depositions under Rule 4:5, unless such use of depositions is permitted by § 8.01-420." Rules of Supreme Court of Virginia, Rule 4:7(e) (2014). Section 8.01-420 states that no motion for summary judgment or to strike the evidence, when based in whole or in part upon any discovery depositions under Rule 4:5, shall be sustained unless all parties to the suit or action agree that the deposition shall be permitted. Va. Code Ann. § 8.01-420(A) (2013).

*Holding*

A. *Lead Mines Rescue Squad, Inc.*

This Court finds that LMRS is an instrumentality of Wythe County. There is no dispute of material fact concerning whether Wythe County exercises significant control over LMRS through their contract. *See* Exhibit A of the Responsive Pleading of Joshua Stone and Memorandum in Support of Dismissal (outlining Wythe County's control over the procurement of equipment, Wythe County's oversight of LMRS activities, Wythe County's grant of funds provided to LMRS, etc.) Given LMRS's status as an instrumentality, LMRS qualifies for sovereign immunity. The sovereign immunity status of LMRS bars claims of simple negligence against them.

The sovereign immunity bestowed on LMRS, however, does not bar claims of gross negligence. The determination of gross negligence is best determined by a finder of fact. There are material disputes of fact regarding the issue of gross negligence, and whether the actions in this case show an utter disregard of prudence amounting to complete neglect of the safety of another. Consequently, the Demurrer is overruled.

This Court also finds that there is a material dispute of fact as to the claim of gross negligence. The Defendant's Motion for Summary Judgment is denied.

This Court denies the Defendant's Motion to Permit Deposition Transcripts from consideration. A motion to strike the evidence shall not be sustained when based in whole or in part upon any depositions taken under Rule 4:5. *See* Rules of Supreme Court of Virginia, Rule 4:7(e) (2014). Only when all parties agree to permitting the deposition in question, may the evidence be stricken. *See* Va. Code Ann. § 8.01-420(A) (2013).

## B. *Guardian Emergency Medical Services, Inc.*

This Court finds that there are material disputes of fact and, therefore, denies the Defendant's Demurrer and Motion for Summary Judgment.

Moreover, the Court finds that there is a material dispute of fact as to whether Guardian is an instrumentality or an independent contractor. As such, Guardian's Special Plea of sovereign immunity is denied.

## C. *James LaRue and Joshua Stone*

This Court finds that there are material disputes of fact and, therefore, denies the Defendants' Demurrer and Motion for Summary Judgment.

It is unclear whether Guardian, Mr. Stone's and Mr. LaRue's employer, is an independent contractor or instrumentality. Similarly, it is unclear whether Mr. LaRue and Mr. Stone are employees of Guardian or are sufficiently controlled by LMRS to grant them agent or employee status with LMRS. As there are material issues of fact regarding the sovereign immunity status of Mr. LaRue's and Mr. Stone's employer, and of the individuals themselves, Mr. LaRue's and Mr. Stone's Plea is denied.

This Court denies the Defendant's Motion to Permit Deposition Transcripts from consideration. A motion to strike the evidence shall not be sustained when based in whole or in part upon any depositions taken under Rule 4:5. *See* Rules of Supreme Court of Virginia, Rule 4:7(e) (2014). Only when all parties agree to permitting the deposition in question may the evidence be stricken. *See* Va. Code Ann. § 8.01-420(A) (2013).

## D. *Selective Insurance Co. of South Carolina and Nationwide Mutual Insurance Co.*

The Court finds that the ambulance cannot be considered "in use" at the time of the Plaintiff's fall to invoke any liability on the part of Selective or Nationwide Insurance. To establish that a vehicle is in use, there must be a "causal relationship between the incident and the employment of the insured vehicle as a vehicle." *U.S. Fire Ins. Co. v. Parker*, 250 Va. 374, 377, 463 S.E.2d 464, 466 (1995). As in *Parker*, the vehicle in question in this case "merely was used as a means of transportation." *Parker*, 250 Va, at 378, 463 S.E.2d at 466. Thus, this Court finds that no causal relationship existed between the incident and the use of the ambulance and thereby grants Selective's and Nationwide's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment. `